### Richmond

JOHN E. HIGGINS, ET AL. v. CITY OF ROANOKE, ET AL.

November 29, 1971.

Record No. 7587.

Present, All the Justices.

*Lawrence C. Musgrove,* for plaintiffs in error.

*William R. Cogar; Robert C. Fitzgerald (J. N. Kincanon, City Attorney for the City of Roanoke; John S. Davenport, III; Raymond R. Robrecht, Commonwealth's Attorney for Roanoke County; Mays, Valentine, Davenport & Moore; Martin, Hopkins & Lemon; Fitzgerald, Smith & Davis,* on briefs), for defendants in error.

Per Curiam.

This appeal involves the proposed annexation of a part of the County of Roanoke to the City of Roanoke. The proceeding was instituted on June 23, 1967, when petitioners, John E. Higgins and fifty-six others, filed a petition, pursuant to Code § 15.1-1034, as amended, requesting annexation to the City of Roanoke of certain territory adjacent to the City. The petitioners constituted fifty-one per centum of the qualified voters of the territory. The territory sought to be annexed is known as Spring Valley and contains 83.9 acres of land. Both the County and the City were made parties defendant to the proceeding. Spring Valley Development Corporation

and R. R. Quick, the corporation's sole stockholder, intervened in favor of the proposed annexation and some county residents intervened in opposition. The City, although a party defendant, supported the petitioners' efforts toward annexation.

The case was heard on June 5, 1969, by a three judge court. At the conclusion of all the evidence of the petitioners, intervenors and the City, the County moved the court to strike the evidence on the ground that it did not establish the necessity for and expediency of annexation. On November 8, 1969, the court sustained the County's motion to strike and on March 16, 1970, entered a final order dismissing the petition for annexation. We awarded the petitioners and intervenors a writ of error to that order.

With respect to the financial situation of the City of Roanoke, the record shows merely that the city manager was of opinion that the City was "financially able to pay for this annexation, should it be . . . granted." The evidence shows nothing about the City's ability to defray the cost of providing the necessary services to the area. In fact, the evidence does not even show that cost.

The City's financial situation is a factor to be considered in awarding or denying annexation. *City of Roanoke* v. *County of Roanoke*, 204 Va. 157, 129 S.E.2d 711 (1963). Since the evidence before the court in this case was not sufficient to enable it to consider that factor, the court was warranted in striking the evidence.

*Affirmed.*